IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

TEDRICK DIRELL WHITERS,
SERGIO JOVANNY BIBIANO VASQUEZ,
OSPICIO OLEA AGUILAR,
FREDRICO JERBURSHIO JONES,
WILLIE CHARLES TOWNSEND,
CORWIN JACKSON FINSLEY, and
MAURICE JAMMOROW BEAVERS,

Defendants.

CRIMINAL ACTION FILE
NO. 4:12-CR-00009-RLV

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on a Motion to Dismiss Count Four [69] of the Indictment ("Motion to Dismiss") filed by defendant Sergio Jovanny Bibiano Vasquez. The following defendants filed Motions to Adopt that Motion: Maurice Jammorow Beavers [74]; Fredrico Jerburshio Jones [75]; Corwin Jackson Finsley [84]; and Tedrick Direll Whiters [89].[1] The Court granted those Motions to Adopt.

---

[1] On May 21, 2012, Mr. Vasquez withdrew the Motion to Dismiss. (See Notice [105].) Nevertheless, given its adoption by other defendants, it is ripe for decision.

(See Minute Entry [91], granting Whiters's Motion to Adopt [89]; Minute Entry [92], granting Finsley's Motion to Adopt [84]; Minute Entry [94], granting Beavers's Motion to Adopt [74]; and Oral Order of June 26, 2012, granting Jones's Motion to Adopt [75].)[2]

The Government has responded to the Motions to Dismiss (see Response to Defendants' Motion To Dismiss Count Four [117] ("Gov't's Resp.")) and one defendant replied (see Whiters Reply Br. [125]). For the reasons explained below, the undersigned **RECOMMENDS** that the Motions to Dismiss be **DENIED**.

## I. BACKGROUND

### A. The Incident

According to evidence presented at the bond hearings in this case, on November 2, 2011, several men traveled from Atlanta to a parking lot in Cartersville to buy five kilograms of cocaine and 150 pounds of marijuana from a drug dealer. The men did not know that the "drug dealer" was helping law enforcement agents, and that the agents planned to arrest them once the deal was in progress. However, the agents did not know that the men planned to rob the drug dealer. As the agents

---

[2] The Clerk has re-docketed the adopted Motions to Dismiss as [108] for defendant Whiters, [110] for defendant Finsley, [112] for defendant Beavers, and [121] for defendant Jones.

AO 72A
(Rev.8/82)

engaged in surveillance of the Cracker Barrel parking lot, where the drug deal was supposed to occur, they witnessed the presumed deal transform into an attempted armed robbery of fictitious drugs; they intervened and arrested the defendants.

### B. The Indictment

The grand jury returned a six-count Indictment [1] against seven defendants on February 8, 2012. Count One charges the defendants with conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"). In Count Two, the Indictment charges defendants with aiding and abetting in brandishing a firearm during and in relation to the crime of violence charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Count Three charges conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Count Four of the Indictment charges the defendants with aiding and abetting in brandishing a firearm in furtherance of the drug trafficking offense listed in Count Three, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.[3]

---

[3] Counts Five and Six charge defendants Jones and Finsley (respectively) with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment also contains a forfeiture provision.

3

AO 72A
(Rev.8/82)

## II. **CONTENTIONS OF THE PARTIES**

The Indictment charges defendants in both Counts Two and Four with violating 18 U.S.C. § 924(c)(1)(A)(ii), which provides in relevant part as follows:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–. . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

Id.

Defendants assert that the Indictment is multiplicitous because it seeks to punish them in Count Four (alleging use, carrying, and possession of a firearm during a drug trafficking offense) for conduct already accounted for in Count Two (alleging use, carrying, and possession of a firearm during a crime of violence). (Motion to Dismiss 6-7.) The Government disagrees, arguing that the plain language of the statute indicates Congressional intent to allow for cumulative punishment. (Gov't's Resp. 5.) In addition, the Government asserts that the Indictment is not multiplicitous because Counts Two and Four require proof of different elements under the Blockburger test. See Blockburger v. United States, 284 U.S. 299 (1932). (Id.)

## III. DISCUSSION

An indictment is multiplicitous if it charges a single offense in more than one count. United States v. Jones, 601 F.3d 1247, 1258 (11th Cir. 2010). A multiplicitous indictment "violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense." Id. A multiplicitous-indictment challenge is subject to the same standard as a double jeopardy challenge. Id. Therefore, courts apply "the Blockburger test to determine whether an indictment is multiplicitous, verifying that each count requires an element of proof that the other counts do not require." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008); see also Blockburger, 284 U.S. at 304 ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

The Court begins the Blockburger analysis by examining the statutory elements of each offense. United States v. Bonilla, 579 F.3d 1233, 1242 (11th Cir. 2009). To support a conviction under Count Two, the jury would have to find the defendants "guilty of committing the predicate 'crime of violence.'" United States

5

v. Rahim, 431 F.3d 753, 758 (11th Cir. 2005) (per curiam). To obtain conviction under Count Four, the "government must show that a defendant used or carried a firearm in relation to a drug trafficking crime, or possessed a firearm in furtherance of a drug trafficking crime." United States v. Graves, 369 F. App'x 50, 51 (11th Cir. 2010) (per curiam). Because Count Two requires an element of proof that Count Four does not require, the Counts are not multiplicitous under the Blockburger test.

That the elements of these offenses are separate is seen in the Eleventh Circuit's Pattern Jury Instructions on § 924(c), which provide in part as follows:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) the Defendant committed the [drug-trafficking crime] [crime of violence] charged in Count __ of the indictment;
>
> (2) the Defendant knowingly [used] [carried] [possessed] a firearm; and
>
> (3) the Defendant [used the firearm "in relation to"] [carried the firearm "in relation to"] [possessed the firearm "in furtherance of"] the [drug-trafficking crime] [violent crime].

See Pattern Crim. Jury Instr. 11th Cir. OI 35.2 (2010).

This conclusion is also buttressed by decisions from other Circuits. For example, in United States v. Barrett, 496 F.3d 1079 (10th Cir. 2007), Count 1 of the

6

AO 72A
(Rev.8/82)

Indictment charged Barrett with using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). Id. at 1086. Count 2 charged Barrett with using and carrying a firearm in relation to a crime of violence, i.e., the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). Id. On appeal following conviction, Barrett argued that the Indictment was multiplicitous because all counts were based on the same conduct–firearms and drugs–and for killing the same person. Id. at 1095. The court rejected that argument as follows:

> Count 1 charged Barrett with using and carrying a firearm during and in relation to several drug-trafficking crimes, resulting in the death of Eales, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). To sustain its burden of proof against Barrett on this charge, the government was required to prove that (1) Barrett committed one or more of the predicate drug-trafficking offenses, (2) during and in relation to the predicate offense(s) Barrett knowingly used and carried a firearm, (3) the firearm played an integral role in the predicate offense(s) and (4) in the course of using the firearm Barrett killed Eales. . . . Count 2 charged Barrett with using and carrying a firearm during and in relation to a crime of violence, i.e., the killing of a state law enforcement officer engaged in or on account of the performance of such officer's duties, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). To sustain its burden

7

AO 72A
(Rev.8/82)

of proof against Barrett on this charge, the government was required to prove that (1) Barrett committed the predicate offense, (2) during and in relation to the commission of the predicate offense, Barrett knowingly used or carried, or in furtherance of such offense possessed a firearm, (3) the firearm played an integral part in the predicate offense, and (4) during the commission of the predicate offense Barrett caused the death of Eales with the firearm. Id.

Applying Tenth Circuit precedent, we conclude that Counts 1 and 2 were not multiplicitous as to each other. It is true that both counts were based on Barrett's commission of several underlying offenses with a single, continuous use of a firearm. In United States v. Sturmoski, 971 F.2d 452 (10th Cir. 1992), however, we held that multiple § 924(c) counts are permissible so long as the offenses underlying each § 924(c) count do not constitute a single offense for double jeopardy purposes. Id. at 461. Applying that principle here, it is clear that Congress intended to permit multiple convictions and sentences for drug-trafficking crimes, such as the four underlying such crimes listed in Count 1, and the underlying crime listed in Count 2, i.e., intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B). Indeed, Barrett does not seriously dispute otherwise. Because the crimes underlying Count 1 are distinct from the crime underlying Count 2, the two § 924 counts are in turn considered distinct.

Id. at 1095-96.

Similarly, in United States v. Hoffman, 148 F. App'x 122 (3rd Cir. 2005), the court affirmed the conviction of a defendant charged with violating 18 U.S.C. § 924(c)(1)(A) for "'carrying and use during and in relation to a drug trafficking offense' (count three)" and "carrying and use 'during and in relation to a crime of

8

AO 72A
(Rev.8/82)

violence' (count five)." Id. at 127. According to the court, "[t]here was ample testimony that Hoffman 'actively employed' a firearm during the commission of a drug trafficking crime and a crime of violence." Id. Moreover, the court rejected the defendant's argument that the counts were multiplicitous because "each charge contains different elements." Id. at 129. Therefore, the court upheld the convictions. Id. at 130-31.

It is clear that § 924(c) permits multiple convictions arising from a single course of conduct. See Rahim, 431 F.3d at 756-58. In the instant case, the Government contends that defendants, in a single episode, aided and abetted the brandishing of a firearm as they committed both a crime of violence and a drug-trafficking crime. Therefore, the Indictment, which alleges § 924(c) violations in separate counts, is not multiplicitous.[4]

## IV. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that the Motion to Dismiss filed by defendants Whiters [108], Finsley [110], Beavers [112], and Jones [121] be **DENIED**.

---

[4] In his Reply, Mr. Whiters raised the "rule of lenity." (Whiters Reply Br. 15-19.) "This court will not consider arguments raised for the first time in a reply brief." U.S. v. Ga. Dept. of Nat. Res., 897 F. Supp. 1464, 1471 (N.D. Ga. 1995).

9

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 29th day of June, 2012.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)